James K. Landau (JL 4412)
jlandau@mccarthyfingar.com
McCarthy Fingar LLP
11 Martine Avenue
12th Floor
White Plains, NY 10606-1934
(914) 946-3700

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

THE INDEPENDENCE PROJECT, INC.,          :   Civil Action No. 7:17-CV-06110 (KMK)

          Plaintiff,          :

                    :

          v.          :

MARVIN ROSE ENTERPRISES, LLC, and
DIVINE ENTERPRISES INC.,          :

          Defendants.          :

------------------------------------------------------------X

MARVIN ROSE ENTERPRISES, LLC,          :

          Third-Party Plaintiff,          :

          v.          :

DIVINE OF YONKERS, LLC and HIREN PATEL,   :

          Third-Party Defendants.          :

------------------------------------------------------------X

## SUMMONS ON A THIRD-PARTY COMPLAINT

**To:**    Divine of Yonkers, LLC, 24 Outwater Lane, Garfield, New Jersey 07026

       Hiren Patel, 271 Ashley Place, Paramus, New Jersey 07652

A lawsuit has been filed against defendant Marvin Rose Enterprises, LLC, who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff The Independence Project, Inc.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:

James K. Landau, Esq.
McCarthy Fingar LLP
11 Martine Avenue, 12th Floor
White Plains, New York 10606

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Keith Harris, Esq.
BRAFF, HARRIS, SUKONECK & MALOOF
305 Broadway
New York, NY 10007

Lawrence A. Fuller, Esq.
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint.  You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached.  You may – but are not required to – respond to it.

Dated: White Plains, NY
     June 18, 2018

CLERK OF COURT

_____

James K. Landau (JL 4412)
jlandau@mccarthyfingar.com
McCarthy Fingar LLP
11 Martine Avenue
12th Floor
White Plains, NY 10606-1934
(914) 946-3700

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

THE INDEPENDENCE PROJECT, INC.,     :   Civil Action No. 7:17-CV-06110 (KMK)

          Plaintiff,     :

                              :   **ANSWER TO AMENDED**
          v.                 **COMPLAINT AND**
                              :   **THIRD-PARTY COMPLAINT**

MARVIN ROSE ENTERPRISES, LLC, and
DIVINE ENTERPRISES INC.,     :

          Defendants.     :

-------------------------------------------------------------X

MARVIN ROSE ENTERPRISES, LLC,     :

          Third-Party Plaintiff,     :

          v.     :

DIVINE OF YONKERS, LLC and HIREN PATEL,   :

          Third-Party Defendants.     :

-------------------------------------------------------------X

Defendant Marvin Rose Enterprises, LLC ("Marvin Rose"), by its attorneys,

McCarthy Fingar LLP, for its answer to the amended complaint (the "Amended Complaint") of

Plaintiff The Independence Project, Inc. ("Plaintiff") and third party complaint against Divine of

Yonkers, LLC ("Divine") and Hiren Patel, responds as follows:

1.      Admits the allegations contained in paragraph 1 of the Amended Complaint.

2.      Denies the allegations contained in paragraph 2 of the Amended Complaint except admits that it owns real property having an address of 2030 Central Park Avenue, Yonkers, New York (the "Property") and that a KFC store is operated on the Property.

3.      The allegations contained in the first sentence of paragraph 3 of the Amended Complaint contain legal conclusions and/or argument to which no response is required, but if a response is required, they are denied; and further admits that it owns real property located within this judicial district and that it derives income from such property.

4.      The allegations contained in paragraph 4 of the Amended Complaint are legal conclusions and/or argument to which no response is required, but to the extent that a response is required they are denied.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint, except admits that Plaintiff is a non-profit New Jersey corporation.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8.      The allegations contained in paragraph 8 of the Amended Complaint are legal conclusions and/or argument to which no response is required, but to the extent that a response is required they are denied; and further admits that Marvin Rose owns the Property; that it leases the Property to Divine and that upon information and belief, Divine owns and operates a KFC Store on the Property.

2

9.     The allegations contained in paragraph 9 of the Amended Complaint are legal conclusions and/or argument to which no response is required, but to the extent that a response is required they are denied; and further admits that Divine leases the Property and that upon information and belief, Divine owns and operates a KFC Store on the Property.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11.     Denies the allegations contained in paragraph 11 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Divine has denied members of Plaintiff access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint, except denies the allegation contained in paragraph 12 of the Amended Complaint that Marvin Rose has discriminated and is continuing to discriminate against the Plaintiff in violation of the American's With Disabilities Act ("ADA").

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint, except denies the allegation contained in paragraph 13 of the Amended Complaint that Marvin Rose has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint, except denies the allegation contained in paragraph 14 of the Amended Complaint that Marvin Rose has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA.

3

15.     The allegations contained in paragraph 15 of the Amended Complaint are legal conclusions and/or argument to which no response is required, but to the extent that a response is required they are denied.

16.     The allegations contained in paragraph 16 of the Amended Complaint are legal conclusions and/or argument to which no response is required, but to the extent that a response is required they are denied.

17.     The allegations contained in paragraph 17 of the Amended Complaint are legal conclusions and/or argument to which no response is required, but to the extent that a response is required they are denied.

18.     The allegations contained in paragraph 18 of the Amended Complaint are legal conclusions and/or argument to which no response is required, but to the extent that a response is required they are denied.

## AS AND FOR AN AFFIRMATIVE DEFENSE
## AND THIRD PARTY CLAIM

19.     Marvin Rose is a limited liability company, organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 173 Colonial Parkway North, Yonkers, Westchester County, New York.  Marvin Rose is the owner of the real property located at 2030 Central Park Avenue, Yonkers, New York (the "Property"). Marvin Rose leases the Property to Third Party Defendant Divine of Yonkers, LLC ("Divine"), described below.

20.     Third Party Defendant Divine is a limited liability company, organized and existing pursuant to the laws of the State of New York, with an address of  24 Outwater Lane, Garfield, New Jersey.  Upon information and belief, Divine owns and operates the KFC store/franchise at the Property that is the subject of this Action.

4

21. Third Party Defendant Hiren Patel ("Patel") is the managing member of Divine. Upon information and belief, Patel resides at 271 Ashley Place, Paramus, New Jersey.

22. Marvin Rose's predecessor-in-interest, Rose Saulle, entered into a lease made as of July 7, 1970, as landlord with Best Chicken, Inc. ("Best Chicken"), as tenant in connection with the Property (the "Lease Agreement"). The Lease Agreement was subsequently modified and amended by a Modification and Amendment of Lease between Ms. Saulle and Best Chicken dated July 2, 1985 (the "1985 Amendment"). The Lease Agreement was further modified and amended by a Modification and Amendment of Lease between Ms. Saulle and Best Chicken dated December 11, 1998 (the "1998 Amendment", the Lease Agreement, the 1985 Amendment and 1998 Amendment shall hereafter be collectively referred to as the "Lease").

23. Thereafter, pursuant to an Assignment and Assumption of Lease, and Consent of Landlord and Estoppel Agreement dated November 27, 2007 (the "2007 Assignment"), Best Chicken assigned its right, title and interest under the Lease to Charlotte Quality Foods, Inc. ("Charlotte"), Charlotte agreed to assume and become responsible for all obligations and liabilities under the Lease and Marvin Rose, as landlord, consented to the foregoing assignment by Best Chicken and assumption by Charlotte of the Lease.

24. Pursuant to an Assignment and Assumption of Lease, and Consent of Landlord and Estoppel Agreement dated as December, 2012 (the "2012 Assignment"), Charlotte assigned its right, title and interest under the Lease to Divine, Divine agreed to assume and become responsible for all obligations and liabilities under the Lease and Marvin Rose consented to the foregoing assignment by Charlotte and assumption by Divine of the Lease. Also, pursuant to the 2012 Assignment, Patel agreed to personally guarantee all of Divine's obligations under the Lease.

5

25.    Article 4, Section 401 of the Lease provides in part that "[Divine] shall not breach or suffer the breach of any of the conditions, agreements and restrictions of record affecting the [Property] and shall hold [Marvin Rose] harmless from all consequences of any such breach. *[Divine] shall comply with all present and future laws, ordinances and regulations of duly constituted public authorities now or hereafter in any manner affecting the [Property], the adjacent sidewalks or any buildings thereon or the use thereof.*"   Emphasis added.

26.    Article 4, section 407 of the Lease provides in pertinent part that "[Divine] shall indemnify and hold harmless [Marvin Rose] from and against any and all liability, fines, suits, claims, demands and actions, and costs and expenses of any kind or nature of any one whomsoever, due to or arising out of (i) any breach, violation or non-performance of any covenant, condition or agreement in this lease set forth and contained on the part of [Divine] to be fulfilled, kept, observed and performed . . . .  If Divine be required to defend any action or proceeding pursuant to this paragraph to which action or proceeding Marvin Rose is made a party, *Marvin Rose shall be entitled to appear, defend or otherwise take part in the matter involved, at its election, by counsel of its own choosing . . . .*" Emphasis added.  In the 1998 Amendment, section 407 of the Lease was amended to add the following language: "[i]n addition to that which is set forth in the [Lease Agreement], indemnification shall apply to any circumstance arising out of and/or relating to [Divine]'s use of the [Property]."

27.    Article 7, section 703 of the Lease provides in pertinent part that "If [Marvin Rose] at any time is compelled to pay any sum of money, or do any act which will require the payment of any sum of money, by reason of the failure of [Divine] to comply with any provision hereof, after reasonable notice, or, *if [Marvin Rose] is compelled to incur any expense, including reasonable counsel fees in . . . . defending any action or proceeding instituted by reason of any*

6

default of [Divine] hereunder, the sum or sums so paid by [Marvin Rose] shall be due from [Divine] to [Marvin Rose] as additional rent on the next date following the incurring of such expenses upon which a regular monthly rental payment is due." Emphasis added.

28.     Marvin Rose has been named as a defendant in the above-entitled action in this Court (the "Action").

29.     Upon information and belief, the Action arises out of, *inter alia*, Divine's alleged failure to keep the Property compliant with the ADA, which is a breach of Section 401 of the Lease. As Marvin Rose has been served with process by Plaintiff in the Action, it is compelled to appear.

30.     Section 407 of the Lease provides that in such a situation, Marvin Rose may appear, defend or otherwise take part in the matter involved, at its election, by counsel of its own choosing. Finally, Section 703 of the Lease provides that if Marvin rose is compelled to incur any expense by reason of Tenant's violation of the Lease, including reasonable counsel fees in defending any action or proceeding, the sum or sums so paid by Marvin Rose shall be due from Divine to Marvin Rose as additional rent.

31.     On May 23, 2018, Marvin Rose gave Divine and Patel written notice of the foregoing default under the Lease and demanded complete indemnification by Divine, including reimbursement of reasonable counsel fees incurred by Marvin Rose in defending itself in the Action. In that same letter, Marvin Rose notified Patel that, as guarantor, he was jointly and severally liable with Divine to Marvin Rose.

32.     As Divine's (and Patel's) indemnification obligations to Marvin Rose under the Lease have been triggered, Divine and Patel must indemnify Marvin Rose and hold it harmless from any and all liability, fines, suits, claims, demands and actions, and costs and expenses of

7

any kind or nature that it has and continues to sustain as a result of Divine's foregoing breach of the Lease, including, but not limited to their reasonable attorney's fees.

WHEREFORE, defendant Marvin Rose Enterprises, LLC demands judgment as follows:

(a)     dismissing the Amended Complaint in its entirety with prejudice against it;

(b)     on its Third Party Claim against Divine of Yonkers, LLC and Hiren Patel, jointly and severally, indemnifying Marvin Rose and holding it harmless from any and all liability, fines, suits, claims, demands and actions, and costs and expenses of any kind or nature that it has and continues to sustain as a result of Divine's foregoing breach of the Lease, including, but not limited to their reasonable attorney's fees, in an amount to be determined at trial, together with pre-judgment interest; and

(c)     awarding it such other and further relief as this Court deems just and proper.

Dated: White Plains, NY
         June 18, 2018

                                        McCARTHY FINGAR LLP

                                        By: _James K. Landau_

                                        James K. Landau, Esq. (JL4412)
                                        jlandau@mccarthyfingar.com
                                        11 Martine Avenue, 12th Floor
                                        White Plains, NY 10606
                                        914.946.3700

                                        *Attorneys for Defendant Marvin Rose Enterprises, LLC*

**BRAFF, HARRIS, SUKONECK & MALOOF**
Keith Harris, Esq. (KH4604)
kharris@bhs-law.com
305 Broadway
New York, NY 10007
973.994.6677

**FULLER, FULLER & ASSOCIATES, P.A.**
Lawrence A. Fuller, Esq. (LF 5450)
lfuller@fullerfuller.com
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
305.891.5199

*Attorneys for Plaintiff*
**WOOD, SMITH , HENNING & BERMAN LLP**
Matthew P. Gizzo, Esq. (MG 0090)
MGizzo@wshblaw.com
685 Third Avenue
18th Floor
New York, New York 10017

*Attorneys for Defendant Divine Enterprises Inc and*
*Third Party Defendants Divine of Yonkers, LLC and Hiren Patel*